IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02928-BNB
(Removal from Adams County Court, State of Colorado, Case No. 2013C047143)

FEDERAL BOULEVARD APARTMENTS, LLC,

 Plaintiff,

v.

GUADALUPE ESPINOZA, and
AUSENCIO HERRERA,

 Defendants,

## ORDER FOR SUMMARY REMAND

  Defendants, Guadalupe Espinoza and Ausencio Herrera, acting *pro se*, have filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441(a), 1443(1)(2), and 1446(b) et seq. They are challenging a Forcible Entry and Detainer (FED) action that Plaintiffs filed against them in the Adams County Court, State of Colorado, for nonpayment of rent. This Court must construe the Notice of Removal liberally because Defendants are acting *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Although Defendants have not paid the $400 filing fee to remove this case to this Court or, in the alternative, submitted a request to proceed pursuant to 28 U.S.C. § 1915, the Court will proceed to review the merits of the Notice of Removal and summarily remand the action to state court as deficient.

  A notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Also, removal is

permitted only where the existence of a federal claim appears on the face of a well-pleaded complaint. *Holmes Group Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 & n. 2 (2002). Defendants do not assert federal jurisdiction on any basis other than their counterclaims, and they have failed to provide copies of all process, pleadings, and orders.

"[T]here is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "Under 28 U.S.C. § 1441 a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally." *Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005). "The removing party has the burden to demonstrate the appropriateness of removal from state to federal court." *Baby C v. Price*, 138 F. App'x 81, 83 (10th Cir. 2005). Accordingly, Defendants have not met their burden to establish subject matter jurisdiction.

With respect to Defendants' assertion that they seek removal pursuant to 28 U.S.C. § 1443, the Court finds that they fail to meet the requirements as set forth in § 1443(1) for removing the FED proceeding from a state court. Although § 1443 authorizes the removal to federal court of certain civil rights cases, the two requirements for removal under § 1443(1) are narrow and well-defined. *See Davis v. Glanton*, 107 F.3d 1044, 1045 (3d Cir. 1997). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.' " *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts

of [the] State.' " *Johnson*, 421 U.S. at 219 (quoting § 1443(1)).  The Supreme Court explained this requirement as follows:

> Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*City of Greenwood, Miss., v. Peacock*, 384 U.S. 808, 828 (1966).  This requirement must be supported by specific factual allegations.  *See generally* 14A Charles Alan Wright et al., Federal Practice & Procedure § 3728 (2d ed. 1985).

Defendants assert in a conclusory and vague fashion that they are entitled to relief based on 42 U.S.C. § 3601 et seq., and 42 U.S.C. §§ 1983 and 1985.  Defendants do not state with any specificity how their civil rights, as they pertain to racial equality, would be denied in state court.  Therefore, Defendants do not meet the requirements as set forth under § 1443(1).

In addition, removal pursuant to 28 U.S.C. § 1443(2) is not appropriate in this action.  Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights."  *City of Greenwood*, 384 U.S. at 824.  Defendants do not allege that they are either a federal officer or a person assisting a federal officer in the performance of official duties providing for equal civil rights.

In sum, because it clearly appears on the face of the Notice of Removal that removal of this action should not be permitted, the action will be remanded summarily to the state court pursuant to 28 U.S.C. § 1446(c)(4).  Accordingly, it is

ORDERED that this action is remanded summarily to the Adams County Court. It is

FURTHER ORDERED that the Clerk of this Court shall mail a certified copy of this Order to the Clerk of the Adams County Court at 1100 Judicial Center Drive, Brighton, Co, 80601.

DATED at Denver, Colorado, this  1st  day of    November   , 2013.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK , Senior Judge
United States District Court